Johnson, J.
The decision to which this motion relates will be found reported in the present volume, ante, p. 321. Por . a statement of the pleadings, reference is made to the same case, reported in 22 Ohio St. 451.
It appears, that the action below was to recover $75,000 damages for an alleged breach of contract, by which the plaintiff in error was to receive and dock at Cleveland, and to carry on its railroad from thence to Youngstown, Lake Superior ore, at an agreed rate per ton, for. a term of years. The specific breach alleged as a basis for damages, is, that after performing the contract for part of the term, the defendant refused longer to do so, and thereafter exacted, and plaintiff was compelled to pay, large sums in excess of the agreed rate, to the plaintiff’s damage $75,000. This suit was brought in 1868, nearly two. years before the term the contract had to run, had expired. Issue was joined and a final judgment thereon was before this court, and was reversed in Himrod Furnace Co. v. C. & M. R. R. Co., 22 Ohio St. 451. The case was remanded for a new trial. This resulted in a verdict for the plaintiff, assessing his damages at $59,024.22.
*441 A motion for a new trial, based on the following grounds, was filed:
“1. The court erred in admitting evidence offered by plaintiff, to which defendant objected and excepted.
“2. In excluding and ruling-out evidence offered by the. defendant.
“3. In the charge and instructions given to the jury, and in refusing to charge and instruct the jury as requested by defendant.
“4. The damages assessed are unreasonable and excessive.
“ 5. The verdict is against and contrary to law.
“ 6. The verdict is not sustained by sufficient evidence.
“ 7. The verdict should have been for defendant instead of ' the plaintiff.”
The motion was overruled and a bill of exceptions taken, setting out the evidence, and excepting to the charges of the court, and to its refusals to charge.
To reverse the judgment on this verdict, the ease was reserved for decision in this court.
Numerous errors were assigned for such reversal. After full argument and patient consideration, none of them was found to be well taken, except that part of said verdict was unsupported by the law. See case, ante, page 321.
Thereupon the court, on an examination of the evidence, computed the amount of this erroneous part of the verdict, put the defendant in error to his election, either to have the whole judgment reversed, or to remit the amount so found to be erroneous. The remittitur of this amount being filed, the judgment, so modified, was then affirmed. The journal entry, however, only shows the remittitur and the affirmance of the judgment as modified.
The record shows that the damages proved were limited to over-charges actually paid for the services provided for in the contract before the commencement of the action, and that all evidence touching damages for the remainder of the term was excluded.
These items of over-charge may be classified as follows: 1st, amount paid to plaintiff in error for transportation m ex *442 cess of the agreed rate; 2d, amounts paid to plaintiff in error for dockage, <£•<?., of the ore at Cleveland; and 3d, amounts paid to third persons at Cleveland for dockage, &c.
This third item, as ascertained by this court, including interest from date of payment to the date of the verdict, was $9,192.60, and is the sum remitted, as of the date of the judgment.
Prom an examination of the evidence, it satisfactorily appears that the verdict was the aggregated amount of all the overcharges proved belonging to each of the foregoing classes, together with interest from dates of payment to the date of the verdict. This finding was in strict accord with the charge, which was to the effect that if the plaintiff was entitled to recover, the rule of damages was the amounts paid for transportation, including dockage, with interest from the time of payment.
In the opinion of the court, the petition did not make a cause of action to recover damages for dockage, &c., paid to third persons, and, hence, the court erred in permitting proof of such payments as well as of dockage paid defendant, and in charging the jury that such payments, with interest, could bo included as part of the verdict.
This court, having found that said verdict was erroneous to the amount stated, instead of formally reversing the whole judgment and then proceeding to render a new judgment for the correct amount, simply affirmed the balance of the judgment, after deducting the amount remitted. While the former mode of proceeding would, perhaps, have been in conformity to the usual mode, yet, in legal effect, and in substance, the result is the same, and, as the plaintiff in error recovered his costs, as upon a formal reversal, he is not prejudiced.
It is now claimed that the court, having found error in the amount of the judgment, it was its duty to reverse and remand for a new trial; that, as a court of error, it had no authority to look into the evidence for the purpose of ascertaining the amount of such error, and modifying the judgment accordingly.
It is conceded the court may so modify, by reversing in *443 part, and affirming in part, or by a remittitur, when, by tbe pleadings, or by a special verdict, or by an agreement of the parties, tbe amount of sucb error is ascertained, but it is denied that tbe appellate court can, on error, look into tbe bill of exceptions and ascertain for itself tbe amount of sucb error.
Tbe power of tbe court on error to review tbe evidence is conferred by tbe act of April 12, 1858 (2 S. & C. 1155 ; Revised Stat. § 5301).
Under this statute, tbe court has power, on error, when tbe motion for a new trial is overruled and all tbe evidence is made part of tbe record, to look into tbe evidence, and from it determine whether tbe verdict is erroneous in whole or in part. In determining tbe powers of tbe court, as defined in section 6126 of tbe Revised Statutes, reference must be bad to this act of 1858. Both should be construed together. *
In tbe case at bar, tbe error of tbe jury arose from an error of tbe court, in not excluding from consideration tbe payments made to third persons for dockage at Cleveland.
Tbe amount of sucb error is readily ascertainable.
. If, as is conceded, tbe court may look into and weigh tbe evidence, as well as tbe charge of tbe court, for tbe purpose of determining whether tbe verdict is too great, and therefore erroneous in part, we think it logically follows it may also determine from tbe same evidence, when tbe error is ascertainable, tbe extent to which it is too great.
If, as is conceded, tbe court may, on error, examine and weigh tbe evidence, for tbe purpose of determining whether tbe judgment is too great, or contrary to law in whole or in part, for tbe purpose of reversing tbe same, it may, for equally cogent reasons, when it can be done, ascertain tbe amount of sucb excess, and make its remission a condition of tbe affirmance of tbe residue.
Tbe distinction which it is sought to draw, between tbe power of tbe trial court-and tbe appellate court in this respect, in our opinion, does not exist, in view of tbe provisions of tbe act of 1858.
Tbe charge of tbe court, to include these erroneous items, was “error of law occurring at tbe trial,” which led to *444 “ error in the assessment of the amount of recovery,” and, being in an action “ upon a contract,” and the damages being too large, as a consequence of such error, and the amount being ascertainable, this court has the same power to correct the error that the trial court had, on the motion for a new trial.
It is not claimed that the verdict was excessive under the influence of passion or prejudice, therefore the power of the court, on error, where the action of the jury is thus tainted, is not in question.
Neither was the amount of this verdict a matter of opinion merely, as in actions of libel, slander and the like, hence the power to order a remittitur in such a case is not involved. The amount of the verdict was a matter of computation from the evidence. It was strictly limited to actual payments made to plaintiff in error, and to others, in excess of the contract rates. This being so, and the error being that of the court in admitting evidence of payments to others, and charging the jury to include such payments, the court may, on error, examine the bill of exceptions, and determine the amount the evidence tended to prove, and may, on remittitur being entered, modify the judgment accordingly. In thus correcting the verdict of the jury its province is not usurped.
The parties have had a fair and impartial jury, uninfluenced by passion or prejudice. > The verdict is erroneous in part, from a cause not affecting their action as to the other part. The error is easily ascertainable by looking into the evidence. By affirming the judgment, as modified by the remittitur, it is reduced to the proper amount legally found by the jury.
That the court has the power to do this, in cases like the present, is too firmly settled to be now disturbed. Marietta Iron Works v. Lorrimer, 25 Ohio St. 621; Smith v. Exchange Bank, 26 Ohio St. 141; Douglas v. Day, 28 Ohio St. 175; Lear v. McCullough, 17 Ohio St. 464; Sibila v. Bahney, 34 Ohio St. 399; Averill v. Verner, 22 Ohio St. 372; Doolittle v. McCullough, 7 Ohio St. 299; Durrell v. Boyd, 9 Ohio St. 72; Pendleton St. R. R., 22 Ohio St. 466; Saymin v. Phillips, 15 Ohio St. 218.
*445 2. Objection is also made to this form of proceeding by reason of its supposed effect on the judgment lien, and on the liability of sureties on the supersedeas bond. This question is not now before us, and we need express no opinion until the question properly arises. A like objection is made because the judgment as modified bears interest from the date of its rendition, and thus it is said interest is compounded. Such is always the case when the judgment is reversed in part and affirmed in part; the part affirmed bears interest from the day it was rendered.
3. Finally it is insisted that there are a number of questions assigned as error, that were left undisposed of.
This makes it necessary to repeat what has already been stated in the published opinion, before referred to, that after a careful consideration of all these questions no error was found, except as stated. Some of them were questions of fact, some were controlled by reported cases, and some were of minor importance, hence the opinion was limited to the single point reported.

Motion overruled.